UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP, AND SAFETY FUND,

                                  Civil. Action: 19-cv-2274

                            Plaintiffs,

       -against-

                                    COMPLAINT

OLYMPUS BUILDING SERVICES, INC.

                          Defendant.
--------------------------------------------------------------------------X

     Building Service 32BJ Health Fund and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund (the "Funds"), as and for their Complaint against Olympus Building Services, Inc. ("Defendant") respectfully alleges as follows:

## NATURE OF ACTION

     1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund and training fund for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions to the Funds by electronic transfer as per the contractual and statutory requirements and to remit required employee information in to the Funds' Electronic Self-Service System ("ESS"). This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and upload the required

information when due as per the Funds' rules and regulations, Defendant violated its collective bargaining agreement, the trust agreements of the Funds, and ERISA.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

(a)      Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

(b)      Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

(c)      28 U.S.C. Section 1331 (federal question); and

(d)      28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from

2

employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits and training benefits to those employees eligible to receive them. The Funds maintains their office and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.     The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.     Upon information and belief, at all times material hereto Olympus Building Services, Inc.  was and continues to be a Pennsylvania for profit corporation having a principal place of business 31 Turner Lane, West Chester, Pennsylvania 18943, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.     Upon information and belief, at all times relevant  Defendant was party to the series of collective bargaining agreements  (the "Agreement") with the Union. As part of the Agreement, Defendant agreed to make benefit contributions to the Fund on behalf of employees covered by the Agreement, and to follow the Funds' Declarations of Trust and collections policies. The Agreement, Funds' Declarations of Trust and Funds' Collections Policy require that employers also upload employee information into ESS, and then make the payments associated with this employee information.

3

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8.      The Funds repeat and reallege each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9.      Pursuant to the Agreement, there became due and owing to the Funds from Defendant benefit contributions from October 1, 2015 through December 31, 2017.

10.     As per the Agreements, a payroll compliance audit was conducted on Defendant for the time period October 1, 2015 through December 31, 2017.

11.     For the period October 1, 2015 through December 31, 2017,  Defendant failed to pay the Fund no less than $5,298.10 in required contributions, in violation of the Agreement.

12.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiff Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

13.     Further, for many contributions that were ultimately paid by Defendant, these payments were made late,  and Defendant is liable to the Fund for interest payments as per the Agreement, the Funds' Declaration of Trust, and the Funds' collection policies.

14.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Funds' attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

15.     The Funds repeat and reallege each and every allegation contained in paragraphs

1 through 14 of this Complaint, as if fully set forth herein.

16.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

17.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Fund when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiff the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

19.     Pursuant to the Agreement, there became due and owing to the Funds from Defendant benefit contributions from October 1, 2015 through December 31, 2017.

20.     As per the Agreements, a payroll compliance audit was conducted on Defendant for the time period October 1, 2015 through December 31, 2017.

21.     For the period October 1, 2015 through December 31, 2017,  Defendant failed to pay the Fund no less than $5,298.10 in required contributions, in violation of the Agreement.

22.     Further, for additional benefit contributions based on employer self-reporting to the Funds, several benefit contributions were untimely made, thereby rendering Defendant liable for interest on the late principal as per the Agreements.

23.     Accordingly, Defendant is liable to the Funds for the payment and/or submission

of the required monetary contributions to the Fund as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR INJUNCTIVE RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

24.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

26.     The Agreements, Funds' Declarations of Trust, and Funds' Collections Policies mandate that Defendant report the hours worked of each covered employee into the Funds' Electronic Self-Service System. This is the sole method for the Funds to to determine what contributions are owed, and for whom.

27.     In violation of the Agreements, Declarations, and Collections Policies, Defendant has failed to upload the hours for covered employees, rendering the Funds unable to provide benefits for Defendant's covered employees, or collect employee benefit contributions based on these reports.

28.     Upon information and belief,  Defendant has failed to upload its employees' hours because it wishes to shirk its obligations under the Agreements and avoid liability for the unpaid employee benefit contributions that will become evident once these reports are submitted.

WHEREFORE, plaintiff Funds demands judgment:

a.    against Defendant for payment of all past due contributions to date, in an amount of

6

not less than $5,298.10,

      b.    against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA § 502(g)(2) and the Agreement,

      c.    against Defendant for accrued prejudgment interest on all contributions, including those untimely made prior to filing of the present suit, in accordance with ERISA § 502 (g)(2) and the Agreement,

      d.    against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

      e.  for an Order compelling Defendant to upload its missing employee hours into the Funds' electronic system, and to pay the associated contributions owed, plus interest, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement

      f.    for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
           March 13, 2019

                            RAAB, STURM & GANCHROW, LLP

                            By: _____
                               Samuel R. Bloom (SB1988)
                               Attorneys for Plaintiffs Funds
                               2125 Center Avenue
                               Suite 100
                               Fort Lee, New Jersey
                               (Tel) 201-292-0150
                               (Fax) 201-292-0152